IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TOOLBOX WIDGET INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ERNST MANUFACTURING, INC.,<br><br>Defendant. | CV 24-148-M-KLD<br><br>ORDER |

This matter comes before the Court on Defendant Ernst Manufacturing, Inc.'s motion to dismiss Plaintiff Toolbox Widget Inc.'s First Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and, alternatively, for judgment on the pleadings as to Count 4 pursuant to Rule 12(c). (Doc. 42). Ernst's motion is denied for the reasons discussed below.

## I. Background

Toolbox Widget is Montana corporation that "creates, manufactures, markets and sells tool organizers and accessories." (Doc. 40 at ¶ 2). Ernst is an Oregon corporation that also manufactures and deals in tool organizers and accessories. (Doc. 40 at ¶ 3). Toolbox Widget filed this action against Ernst in October 2024, asserting six claims for relief: Count 1 for federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1); Count 2 for common law trademark infringement under the Lanham Act, 15 U.S.C. § 1125;

Counts 3 and 4 for federal unfair competition and false advertising in violation of § 1125(a)(1)(B) of the Lanham Act; Count 5 for false designation of origin in violation of § 1125(a)(1)(B) of the Lanham Act; and Count 6 for unlawful practices in violation of the Montana Consumer Protection Act, Mont. Code Ann, § 30-14-103. (Doc. 1 at ¶¶ 94-149).

After answering (Doc. 12), Ernst moved to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) and, alternatively, for partial judgment on the pleadings as to Count 4 pursuant to Rule 12(c) (Doc. 26). The Court granted the motion to dismiss without prejudice on the ground that Toolbox Widget failed to allege facts showing that Ernst caused harm it knew was likely to be suffered in Montana, and declined to address Ernst's motion for partial judgment on the pleadings. (Doc. 39).

In October 2025, Toolbox Widget timely filed an Amended Complaint asserting the same six claims for relief and providing additional factual allegations related to Ernst's knowledge of Toolbox Widget's status as a Montana corporation. (Doc. 40). Ernst argues that the Amended Complaint still does not establish personal jurisdiction and again moves to dismiss pursuant to Rule 12(b)(2). Ernst has also renewed its alternative motion for judgment on the pleadings as to Count 4. (Doc. 42).

## II. Legal Standards

**A. Rule 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal when a court lacks personal jurisdiction over the defendant. When a "defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal citation omitted). While the plaintiff cannot simply rest on the bare allegations of the complaint, the court must take uncontroverted allegations in the complaint as true and resolve any conflicts in the affidavits in the plaintiff's favor. *Schwarzenegger*, 374 F.3d at 800; *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

**B. Rule 12(c)**

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "[P]leadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made." *Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005).

The Court applies the same standard to a Rule 12(c) motion as it does to a Rule 12(b)(6) motion. *Clements v. Sec. Servs., Inc.*, 2020 WL 7249621, at *2 (D. Mont. Nov. 5, 2020). "Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true,] there is no issue of

material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The "court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez*, 683 F.3d at 1108.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## III. Discussion

### A. Personal Jurisdiction

Federal courts generally follow state law in determining the bounds of personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Courts in Montana apply a two-step test to determine whether a non-resident defendant is subject to personal jurisdiction. *Milky Whey, Inc. v. Dairy Partners, LLC*, 342 P.3d 13, 17 (Mont. 2015). First, the court considers whether personal jurisdiction exists under Montana's long-arm statute, Rule 4(b)(1) of the Montana Rules of Civil

Procedure. *Milky Whey*, 342 P.3d at 17. The long-arm statute subjects parties to general jurisdiction if they are "found within the state of Montana" and to specific jurisdiction if the plaintiff's cause of action arises from certain enumerated acts. Mont. R. Civ. P. 4(b)(1)(A)-(G). Second, if personal jurisdiction exists under the long-arm statute, the court then considers "whether the exercise of personal jurisdiction conforms with due process. *Milky Whey*, 342 P.3d at 17. Due process "depends on the defendant's having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)).

Toolbox Widget does not argue that Ernst is subject to general jurisdiction. For purposes of establishing specific jurisdiction, the Court has already determined that Ernst's sales to customers in Montana constitute the "transaction of any business within Montana" under Rule 4(b)(1)(A). (Doc. 39 at 10). Because the requirements of Montana's long-arm statute are satisfied, the only question remaining is whether the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment to the United States Constitution.

The due process analysis is governed by a three-part test commonly referred to as the minimum contacts test:

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 2561 (2024) (citing *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017)). If the plaintiff satisfies the first two parts, the burden shifts to the defendant to establish "a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Impossible Foods*, 80 F.4th at 1087 (internal citation omitted).

**1. Purposeful Direction**

To determine whether a defendant purposefully directed its activities toward the forum state under the first part of the minimum contacts test, the Court considers "whether the defendant: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023) (citation omitted). In its order on Ernst's motion to dismiss the original Complaint, the Court found that Toolbox Widget satisfied the first and second elements of the purposeful direction analysis because it alleged facts showing that Ernst sold and shipped products to Montana customers through Amazon and its own commercial website. (Doc. 39 at 13-15). As to the third

element, however, the Court found that Toolbox Widget failed to allege facts showing that Ernst caused harm it knew was likely to be suffered in Montana. (Doc. 39 at 15-17). Toolbox Widget's Amended Complaint includes additional factual allegations clarifying the relationship between Ernst and Toolbox Widget. (Doc. 40 at ¶¶ 19-31). Toolbox Widget alleges that it first interacted with Ernst at a trade show in Las Vegas in 2022 and sent Ernst a cease-and-desist letter in June 2023. (Doc. 40 at ¶¶ 21-23). Toolbox Widget further alleges that Ernst filed a declaratory judgment complaint against it in Oregon in April 2024, and that Ernst acknowledged Toolbox Widget's status as a Montana corporation in its complaint. (Doc. 40 at ¶¶ 26-27). Taken as true, these allegations reflect that Ernst was aware as early as June 2023 and no later than April 2024 that Toolbox Widget is a Montana-based corporation. Toolbox Widget has thus alleged facts showing that Ernst caused harm it knew was likely to be suffered in Montana, and Ernst does not argue otherwise. Accordingly, the Amended Complaint sufficiently alleges that Ernst purposefully directed its activities toward Montana, the forum state, as required to satisfy the first part of the minimum contacts test.

### 2. Forum-Related Activities

The Court has previously determined that the second part of minimum contacts test is also satisfied here because Toolbox Widget's claims arise out of and relate to Ernst's forum-related activities, namely its sales to Montana

customers. (Doc. 39 at 17-18). Because Toolbox Widget has demonstrated that the first two parts of the minimum contacts test are satisfied, the burden shifts to Ernst to establish "a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Impossible Foods*, 80 F.4th at 1087.

**3. Reasonableness**

To evaluate reasonableness, courts in the Ninth Circuit use a seven-factor balancing test that weighs:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Freestream Aircraft (Bermuda) Limited v. Aero Law Group*, 905 F.3d 597, 607 (9th Cir. 2018).

"The purposeful interjection factor in the reasonableness analysis is 'analogous to the purposeful direction' factor." *Ayla, LLC v. Ayla Skin Pty. Ltd.*, 11 F.4th 972, 984 (9th Cir. 2021) (quoting *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir 1988)). As addressed above, the Court has determined that Ernst purposefully directed its activities toward Montana by selling and shipping products to customers in Montana. While Ernst has submitted evidence that its online sales to Montana customers were minimal, the fact remains that those sales

activities were purposefully directed toward Montana. The purposeful interjection factor thus weighs in favor of jurisdiction.

As to the second factor, Ernst has not shown that the burden of litigating in Montana would be unusually heavy. Although the Court recognizes that Montana may not be a convenient forum, Ernst has not shown that it would be constitutionally unreasonable to require it to litigate here. *See Panavision Int'l, LP v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1988) (stating that "unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction'") (quoting *Caruth v. International Psyhoanalytical Ass'n*, 59 F.3d 126, 128-29 (9th Cir. 1995). This is so particularly in light of "modern advances in communications and transportation," which "have significantly reduced the burden of litigating in another [forum]." *Sinatra*, 854 F.2d at 1199.

The third factor considers the extent of any conflict with the sovereignty of the defendant's state. Ernst argues this factor "emphasizes respect for the other state's sovereignty" and weighs against a finding of reasonableness because it is a small family-run Oregon company. (Doc. 46 at 12-13). But Ernst does not identify any conflict with sovereignty of Oregon. This factor weighs in favor of jurisdiction.

The fourth factor— the forum state's interest in adjudicating the dispute—

also weighs in favor of jurisdiction. "A state has a special interest in exercising jurisdiction over those who have committed tortious acts within the state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 608 (9th Cir. 2018) (quoting *Data Disc, Inc. v. Systems Technology. Assocs*, 557 F.2d 1280, 1288 (1977)). Montana has "a strong interest in the litigation of its own residents who have been harmed by out-of-state companies." *Duffy v. Kaman Aerospace Corp.*, 590 F.Supp.3d 1317, 1327 (D. Mont. 2022), appeal filed by *Central Copters, Inc. et al. v. Kaman Aerospace Corp.*, 9th Cir., Dec. 5, 2025. Even with a small number of sales in Montana, this factor tips in favor of jurisdiction.

The fifth factor, which considers the most efficient judicial resolution of the controversy, focuses "primarily [on] where the witnesses and the evidence are likely to be located." *Freestream Aircraft*, 905 F.3d at 609 (quoting *Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir. 2007)). "[T]his factor is 'no longer weighed heavily given the modern advances in communication and transportation.'" *Freestream Aircraft*, 905 F.3d 609 (quoting *Harris Rutsky & Co. Ins. Services, Inc. v. Bell &Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003). Ernst argues this factor in its favor because it is a family run corporation that operates in Oregon and all the witnesses and evidence relating to its advertising and marketing reside in Oregon. (Doc. 46 at 13). Toolbox Widget counters that evidence and witnesses are also located in Montana. (Doc. 49 at 22). Ernst does not argue otherwise in reply.

(Doc. 52). Because the witnesses and evidence in this case are likely split between Montana and Oregon, and given that modern advances in communication and transportation have lessened the burden of litigating in a different state, this factor is essentially neutral.

As to the sixth factor, Toolbox Widget is a Montana-based entity and has an interest in obtaining effective and convenient relief in Montana. *See e.g. Meeks v. Nutramax Laboratories Veterinary Sciences, Inc.*, 2019 WL 6770575, at *5 (D. Mont. Dec. 12, 2019) ("Montana courts always have an interest in providing their residents with a convenient forum for redress."). Although this factor is not typically accorded much weight, it tips in Toolbox Widget's favor. *Freestream Aircraft*, 905 F.3d at 609 (finding this factor weighed slightly in favor of the plaintiffs, but noting the factor is generally not given much weight).

The seventh factor considers the existence of an alternative forum. Ernst argues that this factor weighs in its favor because Toolbox Widget could have filed its complaint in Oregon. The Court agrees. Although this factor favors Ernst, as addressed above the remaining factors are either neutral or weigh in Toolbox Widget's favor. The Court therefore finds that Ernst has not met its burden of establishing a compelling case that the exercise of personal jurisdiction would be unreasonable. Because all three prongs of the minimum contacts test are satisfied, the exercise of personal jurisdiction over Ernst comports with constitutional due

process.

## IV. Judgment on the Pleadings

Assuming, as the Court has determined, that Ernst is subject to personal jurisdiction in Montana, Ernst argues it is entitled to judgment on the pleadings as to Count 4 of the Amended Complaint. Count 4 alleges that Ernst engaged in unfair competition and false advertising by including expired patents in its promotion materials, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (Doc. 40 at ¶¶ 143-151).

The Lanham Act imposes liability on any person who "in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities… of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B); *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114-15 (9th Cir. 2021). To be liable for false advertising under the Lanham Act, a defendant must make "false or misleading representations of fact, not simply statements of opinion." *Ariix*, 985 F.3d at 1121. "An actionable statement is 'a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.'" *Ariix*, 985 F.3d at 1121 (quoting *Coastal Abstract Service, Inc. v. First American Titles Ins. Co.*, 173 F.3d 725, 730 (9th Cir. 1999)). "'[A] false advertising claim may be based on implied statements' as long as those statements are specific and deceptive." *Ariix*, 985 F.3d

at 1121 (quoting *Prager Univ. v. Google, LLC*, 951 F.3d 991, 1000 (9th Cir. 2020)).

Ernst argues that Count 4 fails as a matter of law because Toolbox Widget has not pleaded sufficient facts to establish the misrepresentation element of its false advertising claim. Toolbox Widget counters, and the Court agrees, that the Amended Complaint adequately pleads misrepresentation.

Toolbox Widget identifies several expired patents in the fact section of the Amended Complaint and alleges in Count 4 that Ernst "advertises its products in its catalog, websites, packaging, and promotional materials alongside the Expired Patents." (Doc. 40 at ¶¶ 105, 145). In its 2024 catalog—which is attached as an exhibit to the Amended Complaint[1]—Ernst lists its "Applicable patents" directly below a list of products and a statement that its products "come with a Lifetime Guarantee." (Doc. 40-2 at 3). The expired patents are included in this list. (Doc. 40-2 at 3). Toolbox Widget additionally alleges that Ernst lists one or more of the expired patents in Amazon listings and on its interactive website. (Doc. 40 at ¶ 104). Consistent with this allegation, Toolbox Widget notes in response to the pending motion that Ernst references at least one of the expired patents in the

---

[1] A court may consider documents attached to the pleadings when resolving a Rule 12(c) motion for judgment on the pleadings. *See e.g. Arocha v. Blackman*, 2023 WL 6626111, at *3 (D. Mont. Oct. 11, 2023).

description of available products on its website. See e.g. *www.ernstmfg.com/8510-socket-boss-combo-pack18-red.aspx* (last visited Sept. 16, 2026).[2] Toolbox Widget claims that listing expired patents in promotional material is false or misleading because Ernst "does not own any exclusive, proprietary, or patent rights to the product advertised with the Expired Patents." (Doc. 40 at ¶ 106).

These allegations are sufficient to plead misrepresentation. Toolbox Widget has plausibly alleged that by referring to expired patents as "applicable" and including them in product listings, Ernst effectively implies that its products are covered by the listed patents, and in doing so misrepresents that it owns exclusive, propriety, or patent rights to the advertised products. Although, as Ernst points out, it does not specifically state in its catalog that the expired patents remain in force, the facts alleged could reasonably support such an inference. Toolbox Widget has thus alleged that Ernst's promotional materials created a false or misleading impression that Ernst was the exclusive source of the advertised products, thereby misleading consumers as to the nature, qualities, and characteristics of those products. For pleading purposes, Toolbox Widget has adequately alleged an

---

[2] A court may take judicial notice of webpages when applying the Rule 12(b)(6) standard where the website's content is readily verifiable, relevant to the case, and where the website's authenticity is not in question. *BMG Rts. Mgmt (US) LLC v. Joyy Inc.*, 644 F.Supp.3d 602, 606 (C.D. Cal. Dec. 5, 2022); *see also In re Trade Desk, Inc., Securities Litigation*, 824 F.Supp.3d 1056, 1070 (C.D. Cal. Mar. 17, 2026) ("Documents on 'publicly available websites' are proper subjects of judicial notice.").

actionable misrepresentation as required to state a false advertising claim under the Lanham Act. *See Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1344 (Fed. Cir. 1999) ("a patentee's allegedly false representation that it is the exclusive source of a certain type of product because of its patent is so actionable" under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)); *Roof Maxx Techs., LLC v. Holsinger,* 2021 WL 3617153, at *9 (S.D. Ohio Aug. 16, 2021) (a distributor's allegedly false representations that its product was subject to an active patent created a false impression that the distributor was the exclusive source of the product, such that the statements went directly the product's "nature, characteristics, and qualities" and were actionable under the Lanham Act).

Ernst next argues that Toolbox Widget's Lanham Act claim fails as a matter of law because it is effectively barred by the patent false marking statute, 35 U.S.C. § 292. Section 292 prohibits falsely marking "any unpatented article" with "the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public[.]" 35 U.S.C. § 252(a). As amended in 2011, § 292 provides that "[t]he marking of a product … with matter relating to a patent that covered that product but has expired is not a violation of this section." 35 U.S.C. § 292(c); Leahy–Smith America Invents Act, Pub.L. No. 112–29, sec. 16(b), § 292, 125 Stat. 284, 329 (2011). Because the false marking statute specifically provides that it is not a violation to mark a product with matter relating

to an expired patent, Ernst argues that § 292 conflicts with the Lanham Act and effectively bars Toolbox Widget from bringing its Lanham Act false advertising claim.

But as Toolbox Widget correctly points out in response, multiple courts have rejected Ernst's argument that there is a conflict between 35 U.S.C. § 292 and the Lanham Act. For example, within months after § 292(c) became effective, one district court to address the issue concluded there was "nothing in the newly-amended 35 U.S.C. § 292 to clearly and manifestly indicate Congress intended to limit false advertising claims under the Lanham Act. On the contrary, Section 292(c) explicitly limits its applicability to 'this section'." *Custom Seal, Inc. v. Duro-Last Roofing, Inc.*, 2012 WL 12930886, at *5 (E.D. Tex. Sept. 20, 2012). Because there is "no language anywhere within 35 U.S.C. § 292 to indicate Congress intended for the [statute] to supersede provisions of the Lanham Act," *Custom Seal* held that the plaintiff's Lanham Act claim was not "preempted by" 35 U.S.C. § 292(c). *Custom Seal*, 2012 WL 12930886, at *5; *see also Crocs, Inc. v. Effervescent, Inc.*, 119 F.4th 1, at 6-7 (Fed. Cir. 2024) (holding that a cause of action for false advertising under § 43(a)(1)(B) of the Lanham Act arises "where a party falsely claims that it possesses a patent on a product feature and advertises that product feature in a manner that causes consumers to be misled about the nature, characteristics, or qualities of its product"); *Manakey Group, LLC v.*

*Positive Distribution, LLC*, 2022 WL 21295077, at *1 (W.D. Mich. Oct 31, 2022) (observing a false advertising claim under the Lanham Act might be an available claim for a plaintiff who failed to state a claim against the defendant under § 292(c) for continuing to market its shoelaces as patented even though the patent had expired); *Lashify, Inc. v. Quingdao Lashbeauty Cosmetic Co., Ltd.*, 2024 WL 1087418, at *5 (W.D. Tex. Jan. 31, 2024) (citing *Custom Seal* and concluding that a false advertising act claim under the Lanham Act is not automatically barred by 35 U.S.C. § 292). Court finds this line of cases persuasive on this issue, and Ernst does not cite any caselaw to the contrary. Accordingly, the Court concludes that Toolbox Widget has adequately pleaded the misrepresentation as required to state a false advertising claim under Lanham Act.

## V. Conclusion

For the reasons set forth above,

IT IS ORDERED that Ernst's Motion to Dismiss for Lack of Personal Jurisdiction and for Judgment on the Pleadings as to Count 4 of the Amended Complaint (Doc. 42) is DENIED.

DATED this 22nd day of September, 2026.

Kathleen L. DeSoto
United States Magistrate Judge